TRAPP, Respondent, vs. DRUECKER and another, Appellants.

*April 14 — May 5, 1891.*

*Evidence: Opinion of expert.*

The question whether or no a man can profitably spend seventeen hundred hours in getting up, designing, and drawing a machine for burning crude oil, does not involve professional skill or peculiar knowledge, so as to render the opinions of experts admissible on the question of the value of such services. .

APPEAL from the Circuit Court for *Milwaukee* County. The case is stated in the opinion. The defendants appeal from a judgment for plaintiff.

For the appellants there was a brief by *Turner & Timlin,* and oral argument by *Joshua Stark.*

*J. W. Wegner,* for the respondent.

COLE, C. J. The complaint alleges that the plaintiff is a pattern-maker and inventor by occupation; that the defendants were engaged in the manufacture and sale of lime; that they brought to him, about the 1st of August, 1887, a device patented and manufactured by an Ohio company for the purpose of burning crude oil as fuel in burning lime, and employed him to construct for them an apparatus or burner for burning lime with heat generated by crude oil, and to improve and make the burner in such a manner that it would not interfere with or be an infringement on the patented rights of the Ohio company; that the plaintiff, pursuant to this employment, studied out and planned a burner, complete in every particular, and made all drawings and patterns and other things to complete the same, spending in the planning, construction, and completion of the burner about sixteen months; and that the defendants agreed to pay him what his services were reasonably worth; and it is alleged that they were reasonably worth $5,000.

Trapp vs. Druecker and another.

The answer, in effect, admits that the defendants are en-gaged in the business of burning lime; and stated that in this business they have tried many devices, patented and otherwise, for burning crude oil as fuel in burning lime; that they had had work done by the Western Malleable & Grey Iron Company, in whose employment the plaintiff was engaged as a pattern-maker, and that they had paid that company for all the services which the plaintiff ever did for them.

It clearly appears from the evidence that the plaintiff did render services for the defendants outside of his regular employment for the malleable iron company, for which he is entitled to compensation. *Fuller & J. Mfg. Co. v. Bart-lett*, 68 Wis. 73.. But the value of these services is the matter in dispute. On the trial the plaintiff testified that he worked altogether in perfecting the burner 1,700 hours, extending through a period of sixteen months, and that a dollar an hour was a reasonable charge for such services. On the question as to the value of the services in preparing the models, patterns, and drawings which the plaintiff made, several machinists and pattern-makers were sworn as witnesses, who testified as to the value of making such things, and charging by the hour spent in doing the work. They generally said that it was customary to charge for work of that kind from fifty cents to $1 an hour. On being asked as to the entire value of the plaintiff's services upon the basis that the plaintiff was engaged 1,700 hours in perfecting the burner, these witnesses stated, under objection, their opinion, in answer to a question whether a man could work getting up drawings or the principal ideas, and in making the improvements and changes from time to time and profitably spend from 1,650 to 1,700 hours on that kind of work as it was completed; or whether a man could, in getting up and designing or drawing on the different changes to get it to a perfect burner, spend 1,700 hours getting the design

and burner completed so that it would work (for both forms of questions were put).

It is insisted that the trial court erred in admitting this kind of testimony, for the reason that the elements which entered into the question are such that no machinist or pattern-maker could give any opinion which would be of any value to guide the judgment of the jury. It seems to us the objection is well taken, and is insuperable. It is obvious that no person, whether expert or non-expert, can possibly tell or form any reliable opinion as to how many hours of thought and study, of trial and experiment, it might be necessary to devote to the discovery and perfection of a useful invention. An inventive mind might by the study of a few weeks make an invention which would elude the industry and penetration of others for years, and perhaps for life, when engaged on the same subject. What man, however intelligent, could tell in advance or give an opinion as to the time it would be necessary to spend in perfecting the method of transmitting messages by means of the telegraph or telephone? A happy thought or inspiration of genius might enable one man to reach the desired result, when others, devoting the closest study and acuteness of intellect to the same investigation for years, would be baffled in their attempts to discover it. Therefore, it seems to us, the question whether or no a man can spend 1,700 hours in making the device shown the witness does not involve professional skill or peculiar knowledge, so as to render the opinions of experts admissible on the question as to the value of the services.

Of course, in a certain class of cases and upon some subjects expert testimony is admissible. But it seems to us plain that these opinions were based upon the statements of the plaintiff that he had spent 1,700 hours in perfecting the burner. The witness was shown a machine or device, and was, in effect, asked if a man could spend in getting

up, designing, drawing, and in the different changes in making it 1,700 hours.   We do not think this was a subject on which it was competent for a witness to give an opinion as to whether 1,700 hours could be well and profitably spent in doing the work.   That was rather a question for the jury to determine upon all the facts and evidence given upon the trial; for, as observed by appellant's counsel, any person may spend any length of time earnestly and honestly engaged in the invention of and experimenting with a device of some kind, and, no matter what witness might be called, he would answer, as in this case, that a man might spend that time.   The evidence, we think, was calculated to prejudice the defendants, and its admission was error.

*By the Court.*— The judgment of the circuit court is therefore reversed, and a new trial ordered.